## Morganfield National Bank, Trustee v. Union County Bank & Trust Company, Trustee.

(Decided March 16, 1923.)

### Appeal from Union Circuit Court.

1. **Mortgages—Tax Provisions Held to Give Lien for Taxes Paid Regardless of Statutes.**—Where both the first and second mortgages on land provided that the mortgagor could pay taxes which the mortgagee did not pay and that the mortgage should secure the sums so paid, the first mortgagor who paid delinquent taxes on the land had a contract lien for the amount paid which was superior to the second mortgage, regardless of whether it also had a statu-

tory lien under Ky. Stats., section 4032, without having first required the sheriff to exhaust the personalty for payment of the taxes under section 4149.

2. Appeal and Error—Cross-appeal is Necessary to Entitle Appellee to Complain of Provision in Judgment Favoring Coappellee.— Where the senior mortgagee alone appealed from a judgment denying a lien for taxes paid by it in a controversy between itself, the junior mortgagee of the land, and the mortgagee of the personalty, the junior mortgagee, which did not take a cross-appeal from the judgment in so far as it exempted the personalty from the lien, cannot claim that the personalty rather than the land was liable under Ky. Stats., section 4149, for the taxes paid by the senior mortgagee.

TRUMAN DRURY for appellant.

ALLEN, HARRIS & ALLEN for appellee Union County Bank & Trust Co.

T. S. WALLER, JR., for other appellees.

OPINION OF THE COURT BY JUDGE CLARKE—Reversing.

In 1921, appellee T. W. H. Hamner owned about 1,200 acres of land, and personal property worth something less than $3,000.00. Upon the land the appellant Morganfield National Bank as trustee, held a first lien to secure $33,000.00 first mortgage bonds, and appellee Union County Bank and Trust Company, as trustee, held a second lien to secure an issue of $30,000.00 of second mortgage bonds. Upon his personalty, appellant J. N. Anderson and three others held a mortgage of $3,000.00.

Hamner paid the taxes for 1921 upon his personal property, but, being hopelessly insolvent, was unable to pay the taxes upon his real estate, amounting to $1,247.45, and same became delinquent on December 1, 1921. On March 6, 1922, appellant paid these taxes, and in this three-cornered contest between the three mortgagees as to whether it has a lien for same upon the land or personalty, or either, it is agreed that neither the land nor the personalty is sufficient to discharge the mortgage liens against same.

The judgment from which only the Morganfield National Bank has appealed, in so far as involved, is as follows:

"The court finds that the Morganfield National Bank elected to and did pay these taxes on Hamner's land without requiring the sheriff to exhaust Hamner's personal property, as the court finds was required by sec-

tion 4149 of the Kentucky Statutes, and in the opinion
of the court, it prejudiced the lien of the junior mortgage,
and for that reason, its lien upon the land of said Hamner
to secure the repayment of the taxes so paid is inferior
to and subject to the lien of the second mortgagee, the
Union County Bank & Trust Company, trustee. The
court finds and adjudges that to secure the payment to
it of said taxes, the Morganfield National Bank, trustee,
is entitled to no lien on the personal property of the said
Hamner upon which the said J. N. Anderson, etc., have
a mortgage lien for a sum exceeding the value of said
property.''

It is the contention of appellant that section 4032,
rather than 4149, of the statutes is controlling here, and
that whether so or not, it had the right under the terms
of its mortgage on the land to pay the taxes on the land
as it did, and has a contract lien thereon for same
superior to the second mortgage lien.

Each of the mortgages on the land contains this
identical clause:

''The parties of the first part further agree to keep
all taxes and assessments against mortgaged premises
paid, and that the same shall be kept free from liability
therefor; and on default of payment of taxes or assess-
ments, or failure to cause such insurance to be made and
kept on said property, the second party or the holder
of any of said bonds, may cause such payments to be
made and insurance to be had and maintained, and shall
have the right to collect the cost of same from said first
parties, their heirs or assigns with six per cent per
annum interest thereon until paid, and this mortgage
shall extend to, include and secure the payment of all
such sums so paid for such insurance, taxes or assess-
ments.''

Clearly therefore the trust company, when it took its
second mortgage on the land, did so with full knowledge
that if the owner failed to pay the taxes due thereon in
any year, the first mortgagor could pay same, and that
its mortgage would ''extend to, include and secure the
payment of all such sums so paid'' by it for taxes.

The conclusion seems to us unavoidable that by con-
tract the first mortgagee has a lien on the land for the
taxes thus paid, and that this lien is necessarily prior
to the second mortgage which appellee trust company
took with full knowledge of the prior contract expressly
providing therefor.

It is therefore immaterial whether appellant also had a statutory lien under 4032, or as a condition precedent thereto was bound first to exhaust the personalty under 4149, *supra,* and since appellee trust company has not cross appealed, it cannot now complain that the lower court denied its contention as against appellees Anderson, etc., who have a mortgage on the personalty, that it, rather than the land, was liable under 4149 for the taxes on the land, even if the court erred in so holding which we do not think is true.

Wherefore the judgment is reversed, with directions to adjudge appellant's lien on the land for the taxes paid by it, prior to the lien of appellee Union Bank & Trust Company thereon.